IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | |
| v. | Crim. No. 98-304 (DRD) |
| **RAMÓN SÁNCHEZ-HERNÁNDEZ, ET AL.,** Defendants. | |

## **OPINION AND ORDER**

Currently before the Court is defendants' motion pursuant to Fed. R. Crim. P. 33 for a new trial. For the reasons that follow, the motion is DENIED.

**I. BACKGROUND**

The defendants Jerry Ward-O'Neill, Larry Ward-Bryan, Raúl Salazar-Uriana, and Gerónimo Amparo-Hernández, *pro se*, have filed a motion for new trial, based on what they characterized as newly discovered evidence. **(Docket No. 287)**. The file reflects that defendants were found guilty after a jury trial on a single count of an Indictment filed December 30, 1998, charging aiding and abetting each other in knowingly, intentionally, and unlawfully possessing with intent to distribute approximately 978 kilograms of cocaine on board a vessel of the United States, in violation of 46 U.S.C. App. § 1903(a), (b)(1) and (f), and 18 U.S.C. §2. A jury verdict of guilty was entered on April 13, 2000. **(Dockets No. 170, 172, 173, 174)**. Defendant Jerry Ward-O'Neill was sentenced on October 16, 2000 and Judgment entered on October 27, 2000. **(Docket No. 268)**. Defendant Larry Ward-Bryan was sentenced on November 24, 2000 and Judgment entered on December 1, 2000. **(Docket No. 239)**. Defendant Raúl Salazar-Uriana was sentenced on October 31, 2000 and Judgment entered on November 13, 2000 **(Docket No. 227)**, and finally defendant Gerónimo Amparo-Hernández was sentenced on October 31, 2000 and Judgment entered on November 13, 2000. **(Docket No. 226)**. Subsequently, the defendants filed a notice of appeal from the judgment of conviction and sentence, and said appeal was decided in

Crim No. 98-304 (DRD)

Page 2

the First Circuit on May 27, 2003.**(Docket 308)**.

## II. DISCUSSION

Defendants move for a new trial pursuant to Fed.R.Crim.P. 33 on the ground that they were prejudiced by the facts to which they expressly stipulated with the Government, namely, (1) the chain of custody of the evidence recovered on December 26, 1998 and (2) the testimony of a forensic chemist who would testify to the fact that the bales contained cocaine hydrochloride (a Schedule II narcotic), weighing a total of 975 kilograms, and having a strength or purity of 83 percent. They also claim ineffective assistance of counsel both at the time of the defendants' stipulation, and when their counsel failed to object to jury instructions that did not require the jury to determine the drug amount beyond a reasonable doubt. Defendants made the same arguments on appeal and on collateral review under 28 U.S.C. §2255.

In reference to the jury instruction, defendants argued that the Court erred in instructing the jury that it did not need to determine the amount of cocaine as charged in the indictment. The First Circuit found this argument unavailing and stated as follows:

> "The indictment specified that approximately 978 kilograms of cocaine were involved in the crime, a charge that exposed Ward-Bryan to a sentence of ten years to life. See 46 U.S.C. App. § 1903(g)(1); 21 U.S.C. § 960(b). He concedes in his brief that he stipulated at trial that the weight of the cocaine was 975 kilograms (an amount carrying the same penalties as the amount charged in the indictment) and that this may have been a tactical decision intended to limit juror prejudice by avoiding 'prolonged testimony focusing on the contraband itself.' Ward-Bryan has not demonstrated any error on these facts. He was sentenced to 188 months' imprisonment, a term less than the statutory maximum (in this case, a life sentence). In such a case '*Apprendi* is irrelevant.'" (Cites omitted).

United States v. Downs-Moses, et al., 329 F.3d 253, 263 (1st Cir. 2003).

With regard to the stipulation, the First Circuit stated:

> "Accepting Amparo-Hernández's characterization of the stipulation as one in which he agreed to the quantity of cocaine at issue (and not a mere agreement to the forensic chemist's testimony, as Sánchez-Hernández suggests on appeal), this stipulation

Crim No. 98-304 (DRD)

Page 3

> spared the defendant the spectacle of twenty-eight bales of cocaine on parade before the jury. This was an approach apparently agreed to by all of the defendants, who devoted their defense to disputing the connection between the defendants and the cocaine without highlighting the amount of contraband involved. Under the circumstances, this was a reasonable tactical decision. Similarly, no objection to the related jury instruction would have been appropriate in light of the stipulation as it was understood by the defendants and their counsel at the time. Amparo-Hernández has demonstrated no deficiency in counsel's performance on these facts."

Downs-Moses., 329 F.3d at 265.

Under Fed.R.Crim.P. 33, the defendants had to file a motion for a new trial within seven days of the verdict. Fed.R.Crim.P. 33 (new trial motion based on grounds other than newly discovered evidence must be filed within seven days of verdict). That rule is jurisdictional. See United States v. Lema, 909 F.2d 561, 565 (1st Cir.1990). Here, the defendants, having filed their new trial motion on September 12, 2001, much more than a year after the jury's verdict entered on April 13, 2000, submitted their motion late. The district court had no authority to entertain the motion for a new trial which raised grounds other than newly discovered evidence after seven days of verdict. The grounds raised by the defendants did not involve newly discovered evidence. Rather, the arguments reiterate legal issues having been decided on appeal.

On the other hand, a motion for new trial, based on the ground of newly discovered evidence, may be filed within two years after final judgment. Further, a motion for new trial, based on newly discovered evidence, must relate to evidence that is in fact new to the defendant. The evidence must have not been known by the defendant at the time of trial. Defendant's failed in making a showing indicating that they did not know the evidence or could not have called the witnesses in their behalf at the time of trial. There is simply no basis on the record for the Court to find that the evidence now proffered by the defendants was in fact newly discovered. As stated, defendants raised issues already disposed of on appeal and on collateral review. The Court finds there are no grounds for the granting of defendants' motion for new trial and declines the invitation to consider these arguments once again.

Crim No. 98-304 (DRD)

Page 4

## III. CONCLUSION

For the foregoing reasons, defendants' motion for new trial pursuant to Rule 33 **(Docket No. 287)** is DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this_8th _day of February  2006.

                                              s/ Daniel R. Domínguez
                                              DANIEL R. DOMÍNGUEZ
                                              U. S. DISTRICT JUDGE